IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT MILLER, | ) | |
| | ) | Case No. 07-126-WDS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| G.D. SEARLE LLC, PHARMACIA | ) | |
| CORPORATION, MONSANTO | ) | |
| COMPANY, PFIZER INC. | ) | |
| | ) | (Pending Transfer to |
| | ) | *In re Bextra & Celebrex Marketing,* |
| | ) | *Sales Practices & Prods.* |
| Defendants. | ) | *Liab. Litig.* (MDL-1699)) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants G.D. Searle LLC, Pfizer Inc., and Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933 (improperly captioned in the Complaint as "Monsanto Company") (collectively "Defendants") through undersigned counsel, and with full reservation of all defenses, hereby remove the state court action entitled *Robert Miller v. G.D. Searle LLC, et al.*, Civil Action No. 06-L-878, filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1. This action involves personal injury allegations regarding the prescription medication Celebrex®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for such Celebrex®-related actions. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005) (Breyer, J.). Defendants intend to inform the JPML that this case is a potential tag-along action transferable to MDL-1699 pursuant to the Rules of Procedure of the JPML. *See* Rules of

Procedure of the Judicial Panel on Multidistrict Litig., 199 F.R.D. 425 (J.P.M.L. 2001). This case is expected to transfer to the MDL Court in due course.

2. On or about October 2, 2006, Plaintiff filed a Complaint against Defendants in this action in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, bearing number 06-L-878. A copy of the Complaint (as well as all process, pleadings, and orders served upon Defendants in this action) is attached hereto as Exhibit A.

3. In this action, Plaintiff alleges that as a result of taking Celebrex® he suffered a "stroke and cardiovascular injuries due to clotting or thrombosis," resulting in "severe, permanent and disabling injuries" and "was caused to die" and incurred resulting economic damages in the form of medical expenses, in addition to "damages for pain, suffering, mental anguish, emotional distress, lost future income and incurred expense." (Compl. at ¶¶ 1, 2, 10, 11, 25, 28, 37, 39, 46, 47, 52, 53, 68, 73, 75, 80, 81, 82, 89, 90, 98, 99, 100, Pl.'s Prayer for Relief). Plaintiff alleges that Celebrex® was defectively designed and was not accompanied by adequate warnings. Plaintiff seeks to hold Defendants liable under theories of strict products liability (defective design and failure to warn), negligent design, negligent failure to warn, fraudulent concealment, common law fraud, breach of implied warranty, breach of express warranty, and negligent misrepresentation. (Compl. Counts I-IX).

4. The first time any Defendant was served with the Complaint in this case was on January 16, 2007. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time period under removal statute begins to run from the date of formal service).

5. No further proceedings have been had in the state court action.

6. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

   A. **The Amount-in-Controversy Requirement Is Met.**

   7. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff alleges that as a result of taking Celebrex® he suffered a "stroke and cardiovascular injuries due to clotting or thrombosis," resulting in "severe, permanent and disabling injuries" and "was caused to die." (Compl. at ¶¶ 1, 2, 10, 11, 25, 28, 37, 39, 46, 47, 52, 53, 68, 73, 75, 80, 81, 82, 89, 90, 98, 99, 100, Prayer for Relief as to All Counts). He alleges he incurred resulting economic damages in the form of medical expenses, in addition to "damages for pain, suffering, mental anguish, emotional distress, lost future income and incurred expense." *Id.* Plaintiff's "Prayer for Relief as to All Counts" seeks an award of:

   > A. General damages in the sum in excess of the jurisdictional minimum of this Court;
   > B. Compensatory damages, including past, present, and future physical pain and suffering, loss of earning capacity, disfigurement, physical impairment, and medical care expenses;
   > C. Consequential Damages;
   > D. Costs including, but not limited to, discretionary Court costs of this cause, and those costs available under the law, as well as expert fees and attorney fees and expenses, and costs of this action; and,
   > E. Such other relief as the Court deems just and proper.

   As seen in his "Prayer for Relief as to All Counts" and reiterated in his Prayer for Relief in each individual Count, Plaintiff seeks unlimited damages in excess of the state-court $50,000

jurisdictional minimum in each of his nine counts for the personal injuries he allegedly sustained from using Celebrex®. (*Id.* ¶ 1; *id.*, Prayer for Relief as to All Counts; *id.*, Counts I-IX, Prayer for Relief).

8.  In the Seventh Circuit, the jurisdictional minimum is established where there is a "reasonable probability" that more than $75,000 is in controversy. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). "To maintain a suit in which the stakes must exceed some specified minimum ... [the defendant] need demonstrate no more than a good faith, minimally reasonable belief that the suit might result in a judgment in excess of that amount." *Normand v. Orkin Exterminating Co.*, 193 F.3d 908, 910 (7th Cir. 1999).

9.  Given the nature of the alleged personal injuries, and that Plaintiff expressly seeks unlimited compensatory damages for his injuries, the Defendants have shown that there is a reasonable probability that more than $75,000 is in controversy and it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum. *See, e.g., Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) ("proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold") (citations omitted); *see also id.* at 541 ("Whether damages will exceed $75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether to a *legal certainty* the claim is really for less than the jurisdictional amount.") (internal quotation omitted and emphasis added); *see generally In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (observing, where plaintiff alleged permanent lung damage in a personal injury suit, that "[i]t is difficult to see how, if he succeeded in proving his claim . . . he would be entitled to less than . . . [the] jurisdictional minimum"); *see also Shaw*,

994 F.2d at 366. As noted, Plaintiff seeks recovery for allegedly serious injuries and death, and in no way limits the amount in controversy to less than $75,000.

10. Where liability is established, product liability claims in Illinois typically result in substantially more than $75,000 verdicts, particularly where, as here, the plaintiff alleges serious disabling injuries and death. *See, e.g., Hansen v. Baxter Healthcare Corp.*, 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn*, 291 Ill. App. 3d 265, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 810 (Ill. Ct. App. 1993). Similarly, federal courts assessing alleged serious injuries involving prescription medications have determined that the amount-in-controversy requirement was met. *See, e.g., Randle v. Pfizer Inc.*, No. 05-CV-1930, slip op. at 1 (W.D. La. Nov. 22, 2005) (concluding that the jurisdictional minimum requirement was met where "plaintiff claims to have suffered a stroke as a result of her ingestion of Bextra" and "Plaintiff also alleges that she seeks more than $50,000 in damages") (Exhibit B).

11. Thus, based on Plaintiff's allegations of personal injury and economic injuries, as well as his claims for unlimited damages, the amount-in-controversy plainly exceeds the jurisdictional minimum. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen,* 198 Ill. 2d at 439; *Proctor,* 291 Ill. App. 3d at 287; *Kochan,* 242 Ill. App. 3d at 810.

**B.    There Is Complete Diversity of Citizenship.**

12. There is complete diversity of citizenship between Plaintiff, a citizen of Illinois, and Defendants, none of which is a citizen of Illinois.

13. Plaintiff is, and was at the time this action was filed, a resident and citizen of Illinois. (*See* Compl. ¶ 2).

14. Pharmacia Corporation is, and was at the time Plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey, and, therefore is a citizen of the State of Delaware and the State of New Jersey for purposes of determining diversity.[1] 28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 5.

15. Defendant G.D. Searle LLC is, and at the time of filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of Delaware, having its principal place of business in New Jersey. Thus, for jurisdictional purposes, G.D. Searle LLC is a citizen of Delaware and New Jersey. *See, e.g., Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes).

16. Pfizer Inc. is, and was at the time Plaintiff filed this action, a corporation

---

[1] With respect to the party improperly captioned as "Monsanto Company," in 1933, an entity known as Monsanto Company was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto Company merged with Pharmacia & Upjohn, Inc., and Monsanto Company changed its name to Pharmacia Corporation ("Pharmacia"). As shown above, Pharmacia is a citizen of Delaware and New Jersey.

Although there also is a current agricultural entity known as Monsanto Company, that entity is not involved, and has never been involved, in the development, sale, marketing or any other aspect of Celebrex®. Regardless, even if that entity were properly joined (and it is not), it would not disturb this Court's diversity jurisdiction because that Monsanto entity is a corporation existing under the laws of Delaware, having its principal place of business in Missouri. *See also* Compl. ¶ 6. Plaintiff is not a citizen of Delaware or Missouri.

organized under the laws of the State of Delaware with its principal place of business in New York, and, therefore, is a citizen of the State of Delaware and the New York for purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 7.

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

17.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

18.     The United States District Court for the Southern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Southern District of Illinois pursuant to 28 U.S.C. §§ 93(c) and 1441(a).

19.     Because G.D. Searle LLC, Pfizer Inc., and Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933, have all joined in this removal and are the only defendants in this action, the consent of no other party is required in this removal.

20.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on all parties to the removed action.

21.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in this action is attached at Exhibit A.

WHEREFORE, Defendants G.D. Searle LLC, Pfizer Inc. and Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933, respectfully remove this action from the Circuit Court, Third Judicial Circuit, Madison County, Illinois, bearing Number 06-L-878, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the removal of this matter, the Defendants respectfully request an opportunity to provide briefing and an oral argument as to why removal is proper.

Dated: February 15, 2007

By: /s/ Robert H. Shultz, Jr.
HEYL, ROYSTER, VOELKER & ALLEN
Robert H. Shultz, Jr. - #03122739
103 West Vandalia Street, Suite 100
Edwardsville, Illinois 62025
Telephone: (618) 656-4646
*Attorneys for G.D. Searle LLC, Pfizer Inc., and Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933 (improperly captioned in the Complaint as "Monsanto Company")*

Of Counsel:
Sherry A. Knutson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

## PROOF OF SERVICE

I hereby certify that on **February 15, 2007**, I electronically filed the foregoing document with the Clerk of the Court of the Southern District of Illinois using the CM/ECF system and I hereby certify that on **February 15, 2007**, I served by U.S. mail the foregoing document on the following:

/s/ Robert H. Shultz, Jr.
HEYL, ROYSTER, VOELKER & ALLEN

**Copies mailed to:**

Aaron K. Dickey
2227 South State Route 157
P.O. Box 959
Edwardsville, Illinois 62025