**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/23/2007
Log Number 511834481

**TO:**  Sandra L. Phillips, Chief Litigation Counsel
Pfizer Inc.
235 East 42nd Street, Mail Stop 150/02/14
New York, NY, 10017-5755

FEB 0 2 2007

**RE:**   **Process Served in Illinois**

**FOR:**  Pfizer Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Miller, Pltf. vs. Pfizer Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Original Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Madison County, IL - 3rd Judicial Circuit Court, IL<br>Case # 2006L000878 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Personal Injury - Celebrex |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/23/2007 at 09:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after Service of this Summons, Exclusive of the Day of Service |
| **ATTORNEY(S) / SENDER(S):** | Aaron K. Dickey<br>Goldenberg Heller Antognoli Rowland<br>2227 S. State Route 157<br>Edwardsville, Il, 62025<br>618-656-5150 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798591217626 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL, 60604<br>312-345-4336 |

DAILY INTAKE
JAN 2 4 2007
Pfizer Litigation Group

Page 1 of 1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



**EXHIBIT
A**
tabbies

DECEMBER 26, 2006

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

<u>ALIAS SUMMONS</u>

ROBERT MILLER
                        PLAINTIFF                                    CASE No. 2006 L  000878
    VS.

PFIZER INC
CT CORPORATION SYSTEM
208 S LASALLE ST SUITE 81
CHICAGO          IL 60604
                        DEFENDANT

TO EACH OF THE ABOVE NAMED DEFENDANTS:

        You are hereby summoned and required to file an answer in this case, or otherwise
file your appearance, in the office of the Clerk of this Court, within 30 days after this
service of this summons, exclusive of the day of service.  If you fail to do so, a
judgment or decree by default may be taken against you for the relief prayed in the
complaint.

        This summons must be returned by the officer or other person to whom it was given
for service, with endorsement thereon of service and fees, if any, immediately after
service.  If service cannot be made, this summons shall be returned so endorsed.

        This summons may not be served later than 30 days after its date.


        Witness MATT MELUCCI the Clerk of said Circuit Court and the seal thereof, at Edwardsville,
Illinois DECEMBER 26, 2006.

                                    MATT MELUCCI
                                    CLERK OF THE CIRCUIT COURT

                                    BY:_____
                                              Deputy Clerk


=================================================================================================
(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

AARON K. DICKEY
GOLDENBERG HELLER ANTOGNOLI ROWLAND
2227 S STATE RT 157
EDWARDSVILLE    IL 62025

Date of Service:_____, 20_____.
(To be inserted by officer on the copy left with the defendant or other person)

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/23/2007
Log Number 511834438

**TO:**  Stephen D. O'Sullivan
Pfizer Inc.
Arbor Lake Centre, 1751 Lake Cook Road
Deerfield, IL, 60015

RECEIVED

JAN 2 4 2007

**RE:**  **Process Served in Illinois**

**FOR:**  G. D. Searle LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Miller, Pltf. vs. G D Searle LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Original Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Madison County, IL - 3rd Judicial Circuit Court, IL Case # 2006L000878 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Personal Injury - Celebrex |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/23/2007 at 08:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after Service of this Summons, Exclusive of the Day of Service |
| **ATTORNEY(S) / SENDER(S):** | Aaron K. Dickey Goldenberg Heller Antognoli Rowland 2227 S. State Route 157 Edwardsville, Il, 62025 618-656-5150 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791215771130 |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Tawana Carter 208 South LaSalle Street Suite 814 Chicago, IL, 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

DECEMBER 26, 2006

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

ALIAS SUMMONS

ROBERT MILLER

                 PLAINTIFF                                                   CASE No. 2006 L  000878

   VS.

G D SEARLE LLC
RA CT CORPORATION SYSTEM
208 S LASALLE ST SUITE 81
CHICAGO       IL 60604
             DEFENDANT

TO EACH OF THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after this service of this summons, exclusive of the day of service.  If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

    Witness:  MATT MELUCCI the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, DECEMBER 26, 2006.

MATT MELUCCI
CLERK OF THE CIRCUIT COURT

BY:_____
              Deputy Clerk

=========================================================================

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

AARON K. DICKEY
GOLDENBERG HELLER ANTOGNOLI ROWLAND
2227 S STATE RT 157
EDWARDSVILLE    IL 62025

Date of Service:_____, 20_____.
(To be inserted by officer on the copy left with the defendant or other person)



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

NTP / ALL
Transmittal Number: 4961294
Date Processed: 01/16/2007

| | |
|---|---|
| **Primary Contact:** | SOP Scan - Monsanto<br>SOP - PowerBrief - Tallahassee<br>SOP - Scan<br>2711 Centerville Rd.<br>Suite 400, DE 19808 |

| | |
|---|---|
| **Entity:** | Monsanto Company<br>Entity ID Number  2282193 |
| **Entity Served:** | Monsanto Company |
| **Title of Action:** | Robert Miller vs. G.D. Searle LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court:** | Circuit Court of Madison County, Illinois |
| **Case Number:** | 06-L-878 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 01/16/2007 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Aaron K. Dickey<br>618-656-5150 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

### ALIAS SUMMONS

ROBERT MILLER

             **PLAINTIFF**

VS.                                                          CASE No. 2006 L  00087B

MONSANTO COMPANY
RA ILLINOIS CORPORATION SERVIC
801 ADLAI STEVENSON DR
SPRINGFIELD       IL 62703

             **DEFENDANT**

TO EACH OF THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after this service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date.

    Witness: MATT MELUCCI the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this DECEMBER 26, 2006



MATT MELUCCI
CLERK OF THE CIRCUIT COURT

BY: _____
           Deputy Clerk

========================================================================

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

AARON K. DICKEY
GOLDENBERG HELLER ANTOGNOLI ROWLAND
2227 S STATE RT 157
EDWARDSVILLE      IL 62025

    Date of Service:_____, 20_____.
    (To be inserted by officer on the copy left with the defendant or other person)

1 of 2

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/23/2007
Log Number 511834469



TO:    Carla Wilkins
       PHARMACIA CORPORATION
       235 E 42nd Street, Mailstop 150/02/24
       New York, NY, 10017-5755

RE:    **Process Served in Illinois**

FOR:   PHARMACIA CORPORATION (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Miller, Pltf. vs. Pharmacia Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Original Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Madison County, IL - 3rd Judicial Circuit Court, IL<br>Case # 2006L000878 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Personal Injury - Celebrex |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/23/2007 at 08:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after Service of this Summons, Exclusive of the Day of Service |
| **ATTORNEY(S) / SENDER(S):** | Aaron K. Dickey<br>Goldenberg Heller Antognoli Rowland<br>2227 S. State Route 157<br>Edwardsville, Il, 62025<br>618-656-5150 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790164275016 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL, 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

DECEMBER 26, 2006

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
(618) 692-6240
WWW.CO.MADISON.IL.US

ALIAS SUMMONS

ROBERT MILLER
                    PLAINTIFF                                    CASE No. 2006 L  000878

    VS.

PHARMACIA CORPORATION
RA CT CORPORATION SYSTEM
208 S LASALLE ST SUITE 81
CHICAGO          IL 60604
                    DEFENDANT

TO EACH OF THE ABOVE NAMED DEFENDANTS:

        You are hereby summoned and required to file an answer in this case, or otherwise
file your appearance, in the office of the Clerk of this Court, within 30 days after this
service of this summons, exclusive of the day of service.  If you fail to do so, a
judgment or decree by default may be taken against you for the relief prayed in the
complaint.

        This summons must be returned by the officer or other person to whom it was given
for service, with endorsement thereon of service and fees, if any, immediately after
service.  If service cannot be made, this summons shall be returned so endorsed.

        This summons may not be served later than 30 days after its date.

        Witness: MATT MELUCCI the Clerk of said Circuit Court and the seal thereof, at Edwardsville,
Illinois, this DECEMBER 26, 2006.

                                        MATT MELUCCI
                                        CLERK OF THE CIRCUIT COURT

                                        BY: _____
                                                Deputy Clerk

================================================================================
(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

AARON K. DICKEY
GOLDENBERG HELLER ANTOGNOLI ROWLAND
2227 S STATE RT 157
EDWARDSVILLE    IL 62025

        Date of Service:_____, 20_____.
        (To be inserted by officer on the copy left with the defendant or other person)

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

ROBERT MILLER,                              )
                                            )
              Plaintiff,                     )
                                            )
     vs.                                     )
                                            )
G. D. SEARLE LLC,                            )
       Serve: Registered Agent               )
              CT Corporation System           )
              208 So. LaSalle St., Suite 814   )
              Chicago, IL 60604               )      Cause No. 06-L-878
                                            )
PHARMACIA CORPORATION,                       )
       Serve: Registered Agent               )
              CT Corporation System           )
              208 So. LaSalle St. Suite 814    )
              Chicago, IL 60604               )
                                            )
MONSANTO COMPANY,                            )
       Serve: Registered Agent               )
              Illinois Corporation Service C   )
              801 Adlai Stevenson Dr.,         )
              Springfield, IL 62703            )
                                            )
PFIZER INC.,                                 )
       Serve: CT Corporation System           )
              208 S. LaSalle St., Suite 814    )
              Chicago, IL 60604               )
                                            )
              Defendants.                     )

## Plaintiff's Original Complaint

       Comes now the Plaintiff, by and through the undersigned attorney, and for the Complaint

against G. D. Searle LLC, Pharmacia Corporation, Monsanto Company, and Pfizer, Inc., alleges

as follows:

1.     This action is brought by Plaintiff, seeking damages for personal injuries and economic

damages suffered by Plaintiff, as a result of a defective and dangerous pharmaceutical product, Celebrex (Celecioxib), which was manufactured, marketed, distributed and/or sold by G. D. Searle LLC, Pharmacia Corporation, Monsanto Company and Pfizer, Inc. (hereinafter referred to by name or as "manufacturing defendants.") This action seeks monetary damages for personal injuries and damages caused by the drug Celebrex named herein and ingested by Plaintiff.

## PARTIES-CELEBREX

2.    This is a civil action brought on behalf of Robert Miller, (hereinafter referred to as "Plaintiff") for injuries, suffering other damages.  Plaintiff was prescribed and used the prescription medication Celebrex (Celecoxib) as directed by a physician.

3.    Plaintiff is an adult resident of East Alton, Illinois.

4.    Defendant G.D. Searle LLC. (hereinafter "Searle") is a subsidiary of Pharmacia, Corporation, and is a Delaware Corporation, and is registered to do business, and with its principal place of business, in Illinois.  As such, Searle can be served its registered agent: CT Corporation System, 208 So. LaSalle St. Suite 814, Chicago, Illinois 60604.  At all times relevant hereto, Searle as a subsidiary of Pharmacia, Corporation and Pharmacia Corporation (hereinafter "Pharmacia"); at all times relevant to this action was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib).

5.    Defendant Pharmacia is a Delaware Corporation licensed and registered to do business in Illinois and can be served through its registered agent:  C T Corporation System, 208 So. LaSalle St. Suite 814, Chicago, Illinois 60604.

6.    Defendant Monsanto Company (hereinafter "Monsanto") is the parent of

Miller 06-L-_____
Page 2 of 22

Pharmacia, and is a Delaware Corporation. At all times relevant hereto Monsanto through its

subsidiary companies was in the business of manufacturing, marketing, selling and distributing

the pharmaceutical product Celebrex (Celecoxib). Monsanto is licensed and registered to do

business in Illinois, and may be served through its agent: Illinois Corporation Service C, 801

Adlai Stevenson Drive, Springfield, Illinois 62703.

7.    Defendant Pfizer Inc (hereinafter "Pfizer") is a Delaware corporation, and at all

times relevant hereto Pfizer was in the business of marketing, selling and distributing the

pharmaceutical product Celebrex (Celecoxib). Pfizer is licensed and registered to do business in

Illinois and may be served through its agent:  C T Corporation System, 208 So. LaSalle St. Suite

814, Chicago, Illinois 60604.

## BACKGROUND-CELEBREX

8.    Celebrex (Celecoxib) is a pharmaceutical treatment for musculoskeletal joint pain

associated with osteoarthritis, among other maladies.  Searle, Pharmacia, Monsanto and Pfizer

did manufacture, design, package, market and distribute this drug. Searle, Pharmacia and Pfizer

encouraged the use of this drug in improper customers, misrepresented the safety and

effectiveness of this drug and concealed or understated its dangerous side effects. Searle,

Pharmacia, Monsanto and Pfizer aggressively marketed this drug directly to the consuming

public, although only available through prescription, through the use of various marketing

mediums, including, but not limited to, print and television advertisements.  Searle, Pharmacia,

Monsanto and Pfizer did this to increase sales and profits.

9.    At all times relevant hereto, Searle, Pharmacia, Monsanto and Pfizer actually

knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Searle, Pharmacia, Monsanto and Pfizer's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the consumers rights.

10.     This Complaint seeks redress for damages including personal injury sustained by Plaintiff, resulting from Plaintiff's use of Celebrex (Celecoxib), manufactured and sold by Pharmacia, Searle, Monsanto and Pfizer.

11.     Plaintiff received a prescription for Celebrex for at least five years. Plaintiff took the drug as prescribed by a medical professional and suffered a stroke and cardiovascular injuries due to clotting or thrombosis.  Plaintiff's use of Celebrex was the direct and proximate cause and/or contributed to cause the injuries at issue.

12.     The damages sought herein are the direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer's wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the prescription drug Celebrex (Celecoxib).

13.     At all times relevant hereto, Pharmacia, Searle, Monsanto and Pfizer were engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the pharmaceutical drug Celebrex (Celecoxib) throughout the United States.

14.    Had Pharmacia, Searle, Monsanto and Pfizer properly disclosed the risks associated with using Celebrex (Celecoxib), Plaintiff would not have taken it for treatment of pain.

15.    Plaintiff did not know of and did not even have the opportunity to know the potential connection between the use of Celebrex (Celecoxib) and Plaintiff's injury until after the FDA issued its recommendation, on April 7, 2005, that Celebrex (Celecoxib) be required to include a black box warning.

## JURISDICTION AND VENUE-CELEBREX

16.    Defendants are subject to the *in personam* jurisdiction of this Court, and venue is proper herein, by virtue of the fact that Pharmacia, Searle, Monsanto, and Pfizer did and/or do business within the state of Illinois and committed torts in whole or in part in this state against Plaintiff, as more fully set forth herein.    Defendants advertised in Illinois, made material omissions and representations, and breached warranties in this district.

17.    Pharmacia, Searle, Monsanto and Pfizer conduct business in the State of Illinois, and at all times relevant hereto, developed, manufactured and sold the pharmaceutical drug Celebrex (Celecoxib) in the State of Illinois, including through sales representatives whose territory included this district.

18.    Venue is proper in this Court in that many of the causes of action accrued in whole or in part in this district, because the Celebrex (Celecoxib) was sold and ingested in Illinois.

## COUNT 1

## STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN–CELEBREX

Miller 06-L-_____
Page 5 of 22

COMES NOW Plaintiff and for Count One of the complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer alleges:

19.    Plaintiff incorporates all allegations in the preceding paragraphs as is fully set forth in this Count.

20.    Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by Plaintiff and others.

21.    At the time Celebrex (Celecoxib) was manufactured and sold to Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, and other illnesses which exceeded the benefits of the products, and for which other safer products were available. This defective condition made the product unreasonably dangerous when put to a reasonably anticipated use as treatment for pain relief, which was the use for which Celebrex (Celecoxib) was advertised.

22.    Alternatively, when the Celebrex (Celecoxib) products were manufactured and sold to Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, the products were defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

23.    Plaintiff used Celebrex (Celecoxib) in a manner reasonably anticipated.

24.    The Celebrex (Celecoxib) sold to the Plaintiff reached the Plaintiff without substantial change. Plaintiff was unaware of the dangerous propensities of the product until well after Plaintiff's use and injury requiring hospitalization. The Plaintiff ingested the Celebrex (Celecoxib) without making any changes or alterations.

25.    As a direct and proximate result of the defective and dangerous design of the Celebrex (Celecoxib), Plaintiff has been injured.

26.    Pharmacia, Searle, Monsanto and Pfizer's conduct was done with conscious disregard for the safety of users of Celebrex (Celecoxib), including Plaintiff.

28.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia, Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## COUNT 2

## STRICT PRODUCTS LIABILITY/FAILURE TO WARN -CELEBREX

COMES NOW Plaintiff and for Count Two of the complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer alleges:

29.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

30.    The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle, Monsanto and Pfizer was unaccompanied by proper and adequate warnings regarding all adverse side effects associated with the use of Celebrex (Celecoxib), and the comparative severity and duration of the adverse effects. The warnings given by Pharmacia, Searle, Monsanto and Pfizer did not accurately reflect the symptoms, type, scope, or severity of the side effects.

31.    The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle,

Monsanto and Pfizer was an unreasonably dangerous defective product, which posed unacceptable risks to human health when put to a reasonably anticipated use by Plaintiff that was without knowledge of its dangerous characteristics.

32.    Pharmacia, Searle, Monsanto and Pfizer failed to perform adequate testing and study Celebrex (Celecoxib) prior to marketing it or properly analyze and warn based. Such adequate testing, study or analysis would have shown that Celebrex (Celecoxib) possessed serious life threatening side effects, with respect to which full and proper warnings accurately and fully reflecting symptoms, type of illness, scope and severity should have been given with respect to the use of Celebrex (Celecoxib).

33.    Pharmacia, Searle, Monsanto and Pfizer also failed to act properly on adverse event reports it received about Celebrex (Celecoxib), and failed to properly study Celebrex (Celecoxib)'s pre-market as well as post market.

34.    Pharmacia, Searle, Monsanto and Pfizer also failed to effectively warn users and physicians that numerous other methods of pain relievers, including Ibuprofen, Naproxen, and/or Mobic were safer.

35.    Pharmacia, Searle, Monsanto and Pfizer failed to give adequate post-marketing warnings or instructions for the use of Celebrex (Celecoxib) because after Pharmacia, Searle, Monsanto and Pfizer knew or should have know of the risk of injury from Celebrex (Celecoxib) use, Pharmacia, Searle, Monsanto and Pfizer failed to provide adequate warnings to users or consumers and continued to aggressively promote the product to doctors, hospitals, and directly to consumers.

36.    Plaintiff used Celebrex (Celecoxib) in a manner reasonably anticipated.

Miller 06-L-_____
Page 8 of 22

37.    As a direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer

selling Celebrex (Celecoxib) without adequate warnings, as well as the other conduct mentioned

in this Count, Plaintiff has been damaged and Plaintiff was caused to die.

38.    Pharmacia, Searle, Monsanto and Pfizer conduct was done with conscious

disregard for safety.

39.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause

of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his

injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia,

Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other

relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## COUNT 3 NEGLIGENT DESIGN -CELEBREX

COMES NOW Plaintiff and for Count Three of the complaint against Defendants Searle,

Pharmacia, Monsanto and Pfizer alleges:

40.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

41.    Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and

injected into the stream of commerce, in the regular course of its business, the pharmaceutical

drug Celebrex (Celecoxib) which it knew would be used by Plaintiff and others.

42.    At the time the Celebrex (Celecoxib) was manufactured and sold to Plaintiff

Miller 06-L-_____
Page 9 of 22

by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, blood clots, and other illnesses which exceeded the benefits of the product, and for which other safer products were available.

43.    Alternatively, when the Celebrex (Celecoxib) product was manufactured and sold to the Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, the product was defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

44.    The Celebrex (Celecoxib) sold to Plaintiff reached Plaintiff without substantial change. Plaintiff was unaware of the dangerous propensities of the product until well after Plaintiff's use and subsequent stroke. Plaintiff ingested the Celebrex (Celecoxib) without making any changes or alterations.

45.    In designing and manufacturing Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer failed to exercise the ordinary care that a careful and prudent drug manufacturer would exercise in the same or similar circumstances.

46.    As a direct and proximate result of the negligent design of the Celebrex (Celecoxib), Plaintiff has been damaged and Plaintiff was caused to die.

47.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia, Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## COUNT 4 NEGLIGENT FAILURE TO WARN -CELEBREX

COMES NOW Plaintiff and for Count Four of the complaint against Defendants Searle,

Pharmacia, Monsanto and Pfizer alleges:

48.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set

forth at length herein.

49.    Pharmacia, Searle, Monsanto and Pfizer owed Plaintiff a duty to warn of any

dangerous defects or side effects; a duty to assure its product did not cause users unreasonable

and dangerous risks, reactions, side effects; and a duty to provide adequate post market

surveillance and warnings as it learned of Celebrex (Celecoxib) substantial dangers.

50.    Pharmacia, Searle, Monsanto and Pfizer breached its duty of reasonable care to

Plaintiff in that Pharmacia, Searle, Monsanto and Pfizer failed to:

> A. Conduct sufficient testing which, if properly performed, would have shown that
>
> Celebrex (Celecoxib) had serious side effects, including heart attacks, strokes,
>
> hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users
>
> of those risks; and/or
>
> B. Include adequate warnings with the Celebrex (Celecoxib) products that would alert
>
> users to the potential risks and serious side effects the drugs; and/or
>
> C. Warn the Plaintiff that use of Celebrex (Celecoxib) carried a risk of death or
>
> permanent disability from heart attacks, strokes, blood clots, other cardiovascular
>
> disorders and other serious side effects; and/or
>
> D. Advise the FDA, the health care industry, and the public about the adverse reports it
>
> had received regarding Celebrex (Celecoxib); and/or
>
> E. Provide Plaintiff with other appropriate warnings.

51.     Pharmacia, Searle, Monsanto and Pfizer should have known that Celebrex (Celecoxib) caused unreasonably dangerous risks and serious side effects of which the general public would not be aware. Pharmacia, Searle, Monsanto and Pfizer nevertheless advertised, marketed and promoted its product knowing there were safer methods and products for pain control.

52.     As a direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer's negligence and breaches of its duty of reasonable care, Plaintiff has been damaged.

53.     The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Decedent leading to his injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia, Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## COUNT 5 FRAUDULENT CONCEALMENT -CELEBREX

COMES NOW Plaintiff and for Count Five of the complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer alleges:

54.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

55.     Pharmacia, Searle, Monsanto and Pfizer had actual knowledge of the cardiothrombotic effects of Celebrex (Celecoxib). Despite having knowledge of the cardiothrombotic effects of Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer actively concealed and omitted to disclose those effects when marketing Celebrex (Celecoxib) to doctors, health care providers, and to the general public through direct advertisements.

56.    At the time these omissions were made, Pharmacia, Searle, Monsanto and Pfizer had knowledge of the substantial and significant cardiothrombotic effects of Celebrex (Celecoxib).

57.    Pharmacia, Searle, Monsanto and Pfizer omitted to inform Plaintiff of the true cardiothrombotic and other adverse health effects of Celebrex (Celecoxib).

58.    Pharmacia, Searle, Monsanto and Pfizer further downplayed the results of various studies showing the cardiothrombotic effects; it withheld adverse reports or gave incorrect information about the reports it received about the side effects of Celebrex (Celecoxib) such as heart attacks and strokes. It further instructed and had a training manual for their sales force to dodge and mislead doctors when they asked questions about the cardiothrombotic effects of Celebrex (Celecoxib).

59.    Pharmacia, Searle, Monsanto and Pfizer failure to disclose material facts constituted fraudulent concealment. Pharmacia, Searle, Monsanto and Pfizer sanctioned approved and/or participated in the failure to disclose.

60.    Pharmacia, Searle, Monsanto and Pfizer had a duty to speak because it had superior knowledge regarding the adverse health effects of Celebrex (Celecoxib) as set forth herein.

61.    The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was unavailable to Plaintiff and/or Plaintiff's treating health care professionals. Pharmacia, Searle, Monsanto and Pfizer knew the information was unavailable yet approved and participated in instructing its agents, servants and employees to not disclose the information in order to promote the sales of Celebrex (Celecoxib) over other Cox 2 inhibitors as well as any non-steroidal

anti-inflammatory such as Ibuprofen, Naproxen, and combined Cox 1 and Cox 2 inhibitors such as Mobic.

62.    Plaintiff was diligent in attempting to seek the information by consulting with his physicians.

63.    The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was not within the reasonable reach of Plaintiff and/or Plaintiff's treating physicians in the exercise of reasonable care.

64.    The non-disclosed information was material, Pharmacia, Searle, Monsanto and Pfizer knew it was not disclosing complete information and intended that Plaintiff and/or Plaintiff's treating physicians act upon the non-disclosed information in the manner reasonably contemplated.

65.    Plaintiff and/or Plaintiff's treating physician were ignorant as to the undisclosed information and had a right to rely on full disclosure.

66.    If Plaintiff and/or Plaintiff's treating physicians had known the complete information, they would not have prescribed and/or Plaintiff would not have taken Celebrex (Celecoxib) as evidenced by Pharmacia, Searle, Monsanto and Pfizer being required to include a black label warning.

67.    Pharmacia, Searle, Monsanto and Pfizer's non-disclosure of information was outrageous due to their evil motive and reckless indifference to the rights of Plaintiff, justifying an award of damages.

68.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause

of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia, Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## COUNT 6 COMMON LAW FRAUD -CELEBREX

COMES NOW Plaintiff and for Count Six of the complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer alleges:

69.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

70.     Pharmacia, Searle, Monsanto and Pfizer, at all relevant times, made false representations and omissions to Plaintiff and other members of the public, including but not limited to, that Celebrex (Celecoxib) was safe, had been adequately tested to determine safety, and did not present life-threatening dangers.

71.     These representations and omissions, as set forth in the above paragraphs, were false. The true facts were that Celebrex (Celecoxib) was not safe, had not been adequately tested, and had dangerous and life-threatening side effects. When Pharmacia, Searle, Monsanto and Pfizer made the representations, it knew them to be false, and said representations were made by Pharmacia, Searle, Monsanto and Pfizer with the intent to deceive Plaintiff and/or Plaintiff's prescribing physicians and with the intent to induce Plaintiff to use the Celebrex (Celecoxib) manufactured by Pharmacia, Searle, Monsanto and Pfizer.

72.     Plaintiff and/or Plaintiff's physicians reasonably relying upon false representations and

omissions, Plaintiff's physicians prescribed Celebrex (Celecoxib); Plaintiff used Celebrex

(Celecoxib). Plaintiff would not have done so if he had known the true facts. In using Celebrex

(Celecoxib), Plaintiff exercised ordinary care.

73.    As a direct and proximate result of the aforesaid fraudulent conduct, Pharmacia, Searle,

Monsanto and Pfizer caused Plaintiff to suffer the damages and injuries herein alleged.

74.    Pharmacia, Searle, Monsanto and Pfizer conduct was outrageous due to its evil motive or

reckless indifference to the rights of Plaintiff, justifying an award of damages.

75.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause

of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his

injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia,

Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other

relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## COUNT 7 BREACH OF IMPLIED WARRANTY-CELEBREX

COMES NOW Plaintiff and for Count Seven of the complaint against Defendants Searle,

Pharmacia, Monsanto and Pfizer alleges:

76.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at

length herein.

77.    When Pharmacia, Searle, Monsanto and Pfizer placed the Celebrex (Celecoxib) into the

stream of commerce, Pharmacia, Searle, Monsanto and Pfizer knew of the use for which the

supplement was intended and impliedly warranted to consumers including Plaintiff that the use

of Celebrex (Celecoxib) was a safe and acceptable means of relieving pain and impliedly warranted that the product was of merchantable quality and safe for its intended use.

78.    Plaintiff relied upon Pharmacia, Searle, Monsanto and Pfizer and its judgment when he purchased and utilized Celebrex (Celecoxib).

79.    The Celebrex (Celecoxib) was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and incapable of satisfying the ordinary purpose for which it was intended, and because it caused serious injury to Plaintiff.

80.    As a direct and proximate result of the dangerous and defective condition of the Celebrex (Celecoxib) Plaintiff suffered injury, and he incurred economic damages in the form of medical expense.

81.    Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, lost past and future income and incurred expense.

82.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Decedent leading to his injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia, Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## COUNT 8 BREACH OF EXPRESS WARRANTY-CELEBREX

Miller 06-L-_____
Page 17 of 22

COMES NOW Plaintiff and for Count Eight of the complaint against Defendants Searle,

Pharmacia, Monsanto and Pfizer alleges:

83.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at

length herein.

84.     At all relevant times, Pharmacia, Searle, Monsanto and Pfizer expressly warranted to

Plaintiff by statements made by Pharmacia, Searle, Monsanto and Pfizer or its authorized agents,

orally or in written publications, package labels, and/or inserts, that the Celebrex (Celecoxib) was

safe, effective, fit, and proper for its intended use. The express warranties include, but were not

limited to

85.     Celebrex (Celecoxib) is used in adults for:

     A. for relief of the signs and symptoms of osteoarthritis

     B. for relief of the signs and symptoms of rheumatoid arthritis in adults

     C. management of short-term pain

     D. for the management of acute pain in adults

     E. for the treatment of primary dysmenorrheal

     F. to reduce the number of adenomatous colorectal polyps in familial adenomatous

polyposis (FAP), as an adjunct to usual care.

86.     In utilizing Celebrex (Celecoxib), Plaintiff relied upon the skill, judgment,

representations, and express warranties of the Pharmacia, Searle, Monsanto and Pfizer.

87.     The express warranties and representations made by Pharmacia, Searle, Monsanto and

Pfizer were false in that Celebrex (Celecoxib) was not safe and was not fit for the use for which

it was intended.

88.    As a direct and proximate result of the dangerous and defective condition of Celebrex (Celecoxib), Plaintiff suffered injury, and he incurred economic damages in the form of medical expense.

89.    Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, lost future income and incurred expense.

90.    The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia, Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## COUNT 9 NEGLIGENT MISREPRESENTATION-CELEBREX

COMES NOW Plaintiff and for Count Nine of the complaint against Defendants Searle, Pharmacia, Monsanto and Pfizer alleges:

91.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

92.    At all relevant times, Pharmacia, Searle, Monsanto and Pfizer knew, or should have known, that there were dangerous side effects resulting from the ingestion of Celebrex (Celecoxib).

93.    Pharmacia, Searle, Monsanto and Pfizer knew or reasonably should have known that

Miller 06-L-_____
Page 19 of 22

consumers such as Plaintiff would not have known about the increased risk of stroke associated with the ingestion of Celebrex (Celecoxib).

94.     Pharmacia, Searle, Monsanto and Pfizer armed with the knowledge stated in the preceding two paragraphs, preceded with the design, production, manufacture, promotion, advertising, and sale of Celebrex (Celecoxib) without adequate warning of the side effects and dangerous risks to the consuming public including Plaintiff.

95.     Pharmacia, Searle, Monsanto and Pfizer negligently represented Plaintiff the safety and effectiveness of Celebrex (Celecoxib) and concealed material information, including adverse information regarding the safety and effectiveness of Celebrex (Celecoxib). The misrepresentations and/or material omissions made by or perpetuated by Pharmacia, Searle, Monsanto and Pfizer are as follows, Pharmacia, Searle, Monsanto and Pfizer failed to:

A.   Conduct sufficient testing which, if properly performed, would have shown that Celebrex (Celecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

B.   Include adequate warnings with the Celebrex (Celecoxib) products that would alert users to the potential risks and serious side effects of the drugs; and/or

C.   Warn the Plaintiff that use of Celebrex (Celecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other cardiovascular disorders and other serious side effects; and/or

D.   Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Celebrex (Celecoxib); and/or

E. Provide Plaintiff with other appropriate warnings.

96. Pharmacia, Searle, Monsanto and Pfizer made the misrepresentations and omissions with the intent for Plaintiff and the consuming public to rely upon such information (or the absence of such information) in selection Celebrex (Celecoxib) as a treatment for pain relief.

97. Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment by Pharmacia, Searle, Monsanto and Pfizer and he relied upon the absence of safety information which Pharmacia, Searle, Monsanto and Pfizer suppressed, concealed, or failed to disclose all Plaintiffs' detriment.

98. As a direct and proximate result of the dangerous and defective condition of Celebrex (Celecoxib) Plaintiff suffered injury, and he incurred economic damages in the form of medical expense.

99. Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, lost future income and expense.

100. The above-described acts and/or omissions of Pfizer were a direct and proximate cause of the severe, permanent and disabling injuries and resulting damages to Plaintiff leading to his injury.

WHEREFORE, Plaintiff prays for judgment against Defendants Searle, Pharmacia, Monsanto and Pfizer in a sum in excess of Fifty Thousand Dollars ($50,000.00), for such other relief as may be fair and reasonable under the circumstances and for their costs herein expended.

## PRAYER FOR RELIEF AS TO ALL COUNTS

WHEREFORE, Plaintiff requests that this Court enter a judgment against the

Miller 06-L-_____
Page 21 of 22

Defendant and in favor of the Plaintiff, and to award the following relief:

A. General damages in the sum in excess of the jurisdictional minimum of this Court;

B. Compensatory damages, including past, present, and future physical pain and suffering, loss of earning capacity, disfigurement, physical impairment, and medical care expenses;

C. Consequential Damages;

D. Costs including, but not limited to, discretionary Court costs of this cause, and those costs available under the law, as well as expert fees and attorney fees and expenses, and costs of this action; and,

E. Such other relief as the Court deems just and proper.

**GOLDENBERG HELLER  ANTOGNOLI  ROWLAND SHORT & GORI, P.C.**

By:

ROBERT D.  ROWLAND #6198915
Aaron K. Dickey #6281731
aaron@gmhalaw.com
2227 South State Route 157
P.O. Box 959
Edwardsville, Illinois 62025
Telephone: 618-656-5150
Facsimile: 618-655-6230

Attorneys for Plaintiff

**IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS**

FILED
2006 OCT -2 PM 4: 15
CLERK OF
THIRD ...  COURT
MADIS...  ROUIT

ROBERT MILLER,                              )
                                            )
            Plaintiff,                      )
                                            )
    vs.                                     )
                                            )
G. D. SEARLE LLC,                           )    Cause No.  06-L- 966
                                            )
PHARMACIA CORPORATION,                      )
                                            )
MONSANTO COMPANY,                           )
                                            )
PFIZER INC.,                                )
                                            )
            Defendants.                     )

## AFFIDAVIT OF DAMAGES

COMES NOW Plaintiff, ROBERT MILLER, by and through counsel, GOLDENBERG

HELLER ANTOGNOLI ROWLAND SHORT & GORI, P.C., and pursuant to Supreme Court

Rules, hereby states the total of money damages sought in the above-styled matter exceeds

FIFTY-THOUSAND DOLLARS, ($50,000.00).

Further Affiant sayeth not.

Respectfully submitted,

**GOLDENBERG HELLER ANTOGNOLI,
ROWLAND SHORT & GORI, P.C.**

By_____

**Aaron K. Dickey #6281731**
2227 S. State Route 157
P.O. Box 959
Edwardsville, IL 62025

Page 1 of 2

618/656-5150 Telephone
618/656-6230 Facsimile

ATTORNEYS FOR PLAINTIFF

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF MADISON      )

SUBSCRIBED AND SWORN to before me this _2nd_ day of _October_,
2006.

```
"OFFICIAL SEAL"
LORI FERNANDEZ
Notary Public, State of Illinois
My commission expires 1/23/2010
```

Miller 06-L-
Page 2 of 2